STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorneys for Plaintiff Michael Petersen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MICHAEL PETERSEN;<br><br>   Plaintiffs,<br><br>v.<br><br><br><br>CITY OF OAKLEY and DOE OAKLEY POLICE OFFICERS 1-25;<br><br>   Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force and *Monell*);<br>2. Violation of Plaintiff's Fourteenth Amendment Rights 42 U.S.C §1983 (Due Process *Shocks the Conscious*);<br>3. Violation of Plaintiff's Fourteenth Amendment Rights 42 U.S.C §1983 (Due Process *Deliberate Indifference*);<br>4. Negligence;<br>5. Battery;<br>6. Intentional Infliction of Emotional Distress;<br>7. Bane Act Violation<br><br>**DEMAND FOR JURY TRIAL** |

   Plaintiff, demanding a jury trial, brings this action against Defendants CITY OF OAKLEY, and DOE OAKLEY OFFICERS 1-25, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

1

# I. PARTIES

1. Plaintiff Michael Petersen, was at all times relevant to this complaint, living in the City of Oakley, which is located within the Northern District of California.

2. Defendant CITY OF OAKLEY ("OAKLEY") is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. OAKLEY is a municipality located within the Northern District of California.

3. Defendant Chris Thorsen ("THORSEN"), is the Chief of Police for the Oakley Police Department and was employed by the City of Oakley at the time of the incident in question. This Defendant is being sued in both his individual and official capacities.

4. Defendant Doe Oakley Police Officers were employed by the City of Oakley at the time of the incident, whose identities and capacities are unknown at this time to the Plaintiff. These Doe Officers are being sued in both their individual and official capacities.

5. All defendants acted under the color of law as it pertains to this complaint.

# II. JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367 as those claims form part of the same case and controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the City of Oakley California, which is located in this district.

### III. STATEMENT OF FACTS

8. On April 28, 2017, at approximately 12:35 p.m., Michael Petersen, (hereinafter referred to as "Plaintiff") was sitting down in front of a Raley's Supermarket, when he was approached by Oakley Police Officers (hereinafter referred to as "Defendant Officers") who decided they were going to arrest him.

9. The Defendant Officers immediately placed him in handcuffs behind his back and sat him down.

10. Subsequently, the Defendant Officers ordered the Plaintiff to get up from the ground.

11. One of the Defendant Officers became impatient and abruptly yanked the Plaintiff from behind by his handcuffed arms with so much force, that the Plaintiff immediately felt a strong surge of searing and burning pain in his arm.

12. At that very moment, the Plaintiff strongly believed that his arm was broken and immediately provided notice to the Defendant Officers of his medical condition.

13. The Defendant Officers told the Plaintiff that they did not believe that his arm was broken, told him "to be a man". The Defendant Officers then intentionally grabbed the Plaintiff's injured arm and tightly squeezed it, causing the Plaintiff to reek in several pain and suffering.

14. After continually observing the Plaintiff in severe pain from his injured arm, the Defendant Officers then determined that the Plaintiff's arm was in fact really broken and the Defendant Officers then called an ambulance for the Plaintiff.

15. It was later determined by a doctor that the Plaintiff's arm was in fact broken.

16. Due to his injury, the Plaintiff underwent surgery to treat his broken arm at Contra Cost County Hospital.

17. Upon information and belief, OAKLEY does not train, or inadequately trains its officers in how to handle people who are handcuffed from behind so as not to cause these handcuffed individuals' limbs to break. Furthermore, OAKLEY has a widespread or

longstanding custom and practice of not carefully handling individuals once they are in police custody, together with its lack of, or inadequate, training amounts to deliberate indifference towards the constitutional rights of individuals.

18. Upon information and belief, OAKLEY does not train, or inadequately trains its officers in how to handle people who are handcuffed from behind so as not to cause these handcuffed individuals' limbs to break. Furthermore, OAKLEY has a widespread or longstanding custom and practice of not carefully handling individuals once they are in police custody, together with its lack of, or inadequate, training amounts to deliberate indifference towards the constitutional rights of individuals.

19. Upon information and belief Chris Thorsen was the chief and final policymaker for the OAKLEY Police Department at the time of the incident in question. In that capacity, defendant THORSEN was responsible for implementing policies at the OAKLEY police department that have led to the lack of, or inadequacy, of training for OAKLEY officers in the use of force in the field.

20. Furthermore, upon information and belief under defendant Chris Thorsen, the OAKLEY police department has had, maintained, and fostered a widespread or longstanding custom and practice of not providing assistance to individuals suffering from psychiatric or psychological problems and of not properly training staff in how to handle people who are handcuffed from behind so as not to cause these handcuffed individuals' limbs to break.

21. Plaintiff filed a timely government claim against defendants pursuant to California Government Code §910, et seq., for negligence, battery, intentional infliction of emotional distress and Bane Act Violation. To date, Plaintiff's counsel has not received notice that his claims, which were filed in September 2017, were either (accepted or rejected) by Defendant OAKLEY.

## IV. CAUSES OF ACTION

### FIRST CLAIM

(**Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force and *Monell*) – As to All Defendants**)

22. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

23. All named Defendant Officers and Does 1-25, acting under color of law, used unreasonable and excessive force on April 28, 2017, by deliberately and intentionally yanking the Plaintiff from behind by his handcuffed arms with so much force, that the Plaintiff's arm broke, (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendant officers or bystanders; (iv) defendant officers knew, or should have known, that the Plaintiff's arm could be broke if he was yanked from behind with too much force and (v) other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances there was no objectively reasonable basis for the defendants' actions.

24. All named Defendant Officers and Does 1-25, acting under color of law, used unreasonable and excessive force on April 28, 2017, by deliberately and intentionally squeezing the Plaintiff's injured arm with extreme force, causing him further pain and suffering, after they had notice that the Plaintiff was suffering from a injury to his arm. (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendant officers or bystanders; (iv) defendant officers knew, or should have known, that the

5

Plaintiff's arm could be further injured if they squeezed his injured arm, and (v) other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances there was no objectively reasonable basis for the defendants' actions.

25. Defendant OAKLEY and Does 1-25 deprived Plaintiff of his rights, privileges, and immunities secured by the United States Constitution by, among other things, does not train, or inadequately trains its officers regarding the handling of people who are handcuffed from behind, so as not to cause these handcuffed individuals' limbs to break.

26. Defendant OAKLEY and Does 1-25 deprived Plaintiff of his rights, privileges, and immunities secured by the United States Constitution by, among other things, does not train, or inadequately trains its officers regarding the handling of people who are injured, so as not to cause these individuals' to suffer further harm.

27. Furthermore, OAKLEY has a widespread or longstanding custom and practice of not carefully handling individuals once they are in police custody, together with its lack of, or inadequate, training amounts to deliberate indifference towards the constitutional rights of individuals.

28. Defendant THORSEN, in his capacity as Chief of Police and also as the final policymaker for the OAKLEY police department, was a moving force behind the above failure/inadequacy to train and custom and practice at the time of the incident in question.

29. As a direct result of the named DEFENDANT OFFICERS, OAKLEY, and Does 1-25's actions and inactions, Plaintiff's constitutional rights were violated, resulting in Plaintiff's injuries.

30. The conduct of the named Defendant Officers and Does 1-25, as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice. In addition, by their conduct, the Defendant Officers subjected Plaintiff to cruel and unjust hardship in conscious disregard of his civil rights, thus constituting oppression.

31. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from named Defendant Officers and Does 1-25 in an amount according to proof.

## SECOND CLAIM

**(Violation of Plaintiff's Fourteenth Amendment Rights 42 U.S.C §1983 (Due Process) – As to all Defendant Officers and Does 1-25)**

32. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

33. Plaintiffs alleges that Defendant Officers and Does 1-25 deprived Plaintiff of his Fourteenth Amendment rights, and those rights and privileges and immunities secured by the Constitution and applied to the states through the Fourteenth Amendment by deliberately and intentionally yanking the Plaintiff from behind by his handcuffed arms with so much force, that the Plaintiff's arm broke, and then in questioning whether the Plaintiff's arm was injured, intentionally squeezing the Plaintiff's injured arm with extreme force, causing him further pain and suffering, (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendant officers or bystanders; (iv) defendant officers knew, or should have known, that the Plaintiff arm could be broke if he was yanked from behind with too much force and (v) other alternative methods were available to effectuate a seizure. Such actions

were in conscious and reckless disregard of the risk of injury and under the circumstances there was no objectively reasonable basis for the defendants' actions. Such actions were outrageous and "shock the conscience".

34. All named Defendant Officers and Does 1-25, acting under color of law, used unreasonable and excessive force on April 28, 2017, by deliberately and intentionally squeezing the Plaintiff's injured arm with extreme force, causing him further pain and suffering, after they had notice that the Plaintiff was suffering from a injury to his arm. (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendant officers or bystanders; (iv) defendant officers knew, or should have known, that the Plaintiff's arm could be further injured if they squeezed his injured arm, and (v) other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances there was no objectively reasonable basis for the defendants' actions. Such actions were outrageous and "shock the conscience".

35. Defendant Officers and Does 1-25's actions violated Plaintiff's constitutional rights and resulted in Plaintiff's suffering, and were a proximate and direct cause of Plaintiff's injuries.

36. The conduct of the named Defendant Officers and Does 1-25, as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice. In addition, by their conduct, the Defendant Officers subjected Plaintiff to cruel and unjust hardship in conscious disregard of his civil rights, thus constituting oppression.

37. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from named Defendant Officers and Does 1-25 in an amount according to proof.

## THIRD CLAIM

(**Violation of Plaintiff's Fourteenth Amendment Rights 42 U.S.C §1983 (Due Process) – As to all Defendant Officers and Does 1-25**)

38. The Defendants violated the Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution.

39. That the Defendant Officers, placed the Plaintiff in "actual, particularized danger" when they deliberately and intentionally yanked the Plaintiff from behind by his handcuffed arms with so much force, that the Plaintiff's arm broke, and then in questioning whether the Plaintiff's arm was injured, intentionally squeezed the Plaintiff's injured arm with extreme force, causing him further pain and suffering.

40. That there was *Deliberate Indifference* on the part of the Defendants because they had notice that the Plaintiff was suffering from a injury to his arm, (because he informed the Defendants that he was in extreme pain), they intentionally squeezed the Plaintiff's injured arm with extreme force, causing him further pain and suffering, while failing to initially call an ambulance or obtain any other medical treatment for the Plaintiff.

41. That the Plaintiff suffered *harm* stemming from the Defendants' *Deliberate Indifference*, because the Plaintiff's injury to his arm and the pain and suffering that he experienced were

severely exacerbated by the Defendants conduct of intentionally squeezing the Plaintiff's injured arm with extreme force, causing him further pain and suffering, and this conduct placed the Plaintiff in a worse position than he was otherwise in.

42. Defendant Officers and Does 1-25's actions violated Plaintiff's constitutional rights and resulted in Plaintiff's suffering, and were a proximate and direct cause of Plaintiff's injuries.

43. The conduct of the named Defendant Officers and Does 1-25, as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice. In addition, by his conduct, the Defendant Officers subjected Plaintiff to cruel and unjust hardship in conscious disregard of his civil rights, thus constituting oppression.

44. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from named Defendant Officers and Does 1-25 in an amount according to proof.

## FOURTH CLAIM

**(Negligence – As to All Defendant Officers, OAKLEY and DOES 1-25)**

45. By virtue of the foregoing, Defendant Officers owed Plaintiff a duty of due care not to cause the Plaintiff physical harm, or to cause him to suffer a battery, and that this duty was breached by the Defendants' negligence and failure to exercise due care in their handling of the Plaintiff.

46. As a direct and proximate cause of the aforementioned acts of Defendant, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

47. Defendant Officers are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

48. Defendants as public employees are not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

49. Because the Defendant Officers were acting as employees of OAKLEY at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of OAKLEY, OAKLEY is liable to the Plaintiff for negligence pursuant to California Government Code §815.2.

## FIFTH CLAIM

**(Battery – As to All Defendant Officers, OAKLEY and DOES 1-25)**

50. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

51. Defendant Officers and DOES 1-25 while working as police officers for OAKLEY, and acting within the course an scope of their duties, intentionally yanked the Plaintiff from behind by his handcuffed arms with so much force, that the Plaintiff's arm broke, (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendant officers or bystanders; (iv) defendant officers knew, or should have known, that the Plaintiff arm could be broke if he was yanked from behind with too much force and (v) other alternative methods were available to effectuate a seizure, and that this unwanted contact occurred without Plaintiff's consent.

52. As a result of the actions of these defendants, Plaintiff suffered a broken arm and was forced to undergo surgery. Defendant Officers and DOES 1-25 did not have legal justification for using this amount of force against Plaintiff, and these Defendants' use of force while carrying out their police officer duties was an unreasonable use of force.

53. Defendant Officers are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

54. Defendants as public employees are not exonerated or immune from liability for battery for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

55. Because the Defendant Officers were acting as employees of OAKLEY at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of OAKLEY, OAKLEY is liable to the Plaintiff for battery pursuant to California Government Code §815.2.

56. Defendant Officers and DOES 1-25's conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof for damages caused by Defendants' conduct.

<b>SIXTH CLAIM</b>

(<b>Intentional Infliction of Emotional Distress – As to All Defendant Officers, OAKLEY and DOES 1-25</b>)

57. Based on the following it is alleged that Defendant Officers are also liable to the Plaintiff for Intentional Infliction of Emotional Distress.

58. That the Defendants intentionally squeezing the Plaintiff's injured arm with extreme force, causing him further pain and suffering, after they had notice that the Plaintiff was suffering from a injury to his arm, was extreme and outrageous;

59. That the Defendant Officers intended to cause the Plaintiff severe emotional distress, when they intentionally squeezed the Plaintiff's injured arm with extreme force, causing him further pain and suffering, after they had notice that the Plaintiff was suffering from a injury to his arm.

60. Defendant Officers are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

61. Defendants as public employees are not exonerated or immune from liability for battery for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

62. Because the Defendant Officers were acting as employees of OAKLEY at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of OAKLEY, OAKLEY is liable to the Plaintiff for Intentional Infliction of Emotional Distress pursuant to California Government Code §815.2.

63. Defendant Officers and DOES 1-25's conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof for damages caused by Defendants' conduct.

## SEVENTH CLAIM

**(BANE ACT VIOLATION – As to All Defendant Officers, OAKLEY and DOES 1-25)**

64. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

65. Defendant Officers and DOES 1-25 while working as police officers for OAKLEY, and acting within the course an scope of their duties, intentionally yanked the Plaintiff from behind by his handcuffed arms with so much force, that the Plaintiff's arm broke, (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendant officers or bystanders; (iv) defendant officers knew, or should have known, that the Plaintiff arm could be broke if he was yanked from behind with too much force and (v) other alternative methods were available to effectuate a seizure.

66. Defendant Officers interfered with Plaintiff's Fourth Amendment right to be free from the unlawful seizure of his person through the exercise of excessive force when they intentionally yanked the Plaintiff from behind by his handcuffed arms with so much force, that the Plaintiff's arm broke, (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendant officers or bystanders.

67. That upon observing the Defendant Officers exercising excessive force upon his person, the Plaintiff reasonably believed that if he exercised his right to be free from the unlawful use of excessive force upon his person, that the Defendant Officers would commit violence against him.

68. That Defendant Officers injured the Plaintiff to prevent him from exercising these rights.

69. That Plaintiff was harmed because he suffered physical injuries, as well as severe emotional stress as a result of the violent acts imposed on him by the Defendant Officers and;

70. The Defendant Officers use of excessive force to prevent the Plaintiff from exercising his rights was a substantial factor in causing his harm.

71. Because the Defendant Officers were acting as employees of OAKLEY at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of OAKLEY, OAKLEY is liable to the Plaintiff for BANE ACT violation pursuant to California Government Code §815.2.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: April 2, 2018

    /s/ STANLEY GOFF
STANLEY GOFF
Attorney for Plaintiff