NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
CAMEREN N. RIPOLI (State Bar No. 318045)
cameren.ripoli@mcnamaralaw.com
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendants
CITY OF OAKLEY and OAKLEY POLICE
OFFICER TERRY BLACK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PETERSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF OAKLEY, OAKLEY POLICE OFFICER TERRY BLACK, and DOE OAKLEY POLICE OFFICER,<br><br>    Defendants. | Case No. C18-02448 LB<br><br>**OFFICER TERRY BLACK'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendant, Officer Terry Black ("Ofc. Black") provides the following Answer to Plaintiff's Second Amended Complaint for Damages ("SAC") on file in this matter (ECF 56). This is being filed following the Court granting Plaintiff leave to file a Second Amended Complaint (ECF 53).[1]

## **PARTIES**

1. Defendant neither admits nor denies the allegations in Paragraph 1 because it includes contentions and legal matters not proper for admission or denial.

2. Defendant admits that the City of Oakley is a public entity, subject to the laws of the State of California, as alleged in Paragraph 2 of Plaintiff's SAC. Defendant denies the remaining allegations in Paragraph 2 of Plaintiff's SAC.

---

[1] Defendant City of Oakley previously answered Plaintiff's SAC. *See* ECF 57.

OFC. BLACK'S ANSWER TO PLAINTIFF'S SAC, C18-02448 LB

3. Defendant admits that Officer Black was an employee of the City of Oakley on April 28, 2017. Defendant neither admits nor denies the allegations in Paragraph 3 of Plaintiff's SAC because it includes contentions and legal matters not proper for admission or denial.

4. Defendant neither admits nor denies the allegations in Paragraph 4 of Plaintiff's SAC because it includes contentions and legal matters not proper for admission or denial.

5. Defendant neither admits nor denies the allegations in Paragraph 5 of Plaintiff's SAC because it includes contentions and legal matters not proper for admission or denial.

## JURISDICTION

6. Defendant neither admits nor denies the allegations in Paragraphs 6 and 7 because they include contentions and legal matters not proper for admission or denial.

## STATEMENTS OF FACTS

7. In answering the allegations in Paragraphs 8 through 18, Defendant responds as follows: Defendant has no record of any arrest or contact made by any Oakley Police Department (OPD) Officers with or related to Plaintiff, Michael Petersen, on April 28, 2017, as alleged in the SAC, and in previous complaints filed. There are numerous police contacts and/or arrests that occurred with the Plaintiff and OPD, but none on April 28, 2017. As such, Defendant can neither admit nor deny the allegations in these paragraphs as Defendant has no record of any contact with Plaintiff on April 28, 2017.

## CAUSES OF ACTION

## FIRST CLAIM

**(Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C. §1983 (Excessive Force As to Defendant Officer Terry Black)**

8. In answering Paragraphs 19 to 24, Defendant incorporates by reference its response to Paragraphs 1 through 18 of Plaintiff's SAC.

9. Except as to the matters previously admitted, Defendant denies the remaining allegations in Paragraphs 19 to 24.

*Failure To Intervene/Defendant DOE Officer*

10. In answering Paragraphs 25 to 28, Defendant incorporates by reference its response to

Paragraphs 1 through 18 of Plaintiff's SAC.

11. Except as to the matters previously admitted, Defendant denies the remaining allegations in Paragraphs 25 to 28.

**(Violation of Plaintiff's Forth Amendment Right 42 U.S.C. §1983 (Excessive Force As to Defendant Terry Black)**

12. In answering Paragraphs 29 to 33, Defendant incorporates by reference its response to Paragraphs 1 through 18 of Plaintiff's SAC.

13. Except as to the matters previously admitted, Defendant denies the remaining allegations in Paragraphs 29 to 33.

## PRAYER FOR RELIEF

14. Defendant generally denies that Plaintiff is entitled to any relief, as Plaintiff alleges in sub-Paragraphs 1 through 6 of the "V. PRAYER FOR RELIEF" portion of Plaintiff's SAC. In addition, Defendant neither admits nor denies the allegations in Paragraphs 1 through 6 of the "V. PRAYER FOR RELIEF" portion of Plaintiff's SAC because it includes contentions and legal matters not proper for admission or denial.

## JURY DEMAND

15. Defendant demands a jury trial in this action, as does Plaintiff.

## AFFIRMATIVE DEFENSES

1. AS FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's SAC fails to state cognizable legal theories and/or facts sufficient to constitute cognizable legal theories against Defendant and/or its employees.

2. AS FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to state facts sufficient to support a prayer for punitive damages and/or exemplary damages against the answering Defendant.

3. AS FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to himself.

4. AS FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at all times and places mentioned in Plaintiff's SAC, Plaintiff failed to mitigate the amount of his damages, if any. The damages claimed by Plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances. Plaintiff's failure to mitigate is a bar or limit to his recovery under the SAC.

5. AS FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiff was the negligence and/or fault of the Plaintiff and/or others, or on the part of any person or entity for whose acts or omissions Defendant and/or its employees are not legally or otherwise responsible, or, in the alternative, that the negligence and fault of the Plaintiff and/or others in and about the matters alleged in the SAC herein proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff and/or others requires that any damages awarded to Plaintiff shall be diminished in proportion to the amount of fault attached to the Plaintiff and/or others.

6. AS FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff, by virtue of his own conduct and omissions, has enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiff as a result of the acts or omissions complained of herein.

7. AS FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at all times herein mentioned, the acts complained of, if any there were, were privileged or protected under applicable federal and state statutes and/or case law.

8. AS FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at all times herein mentioned, Defendant and/or its employees are immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

9. AS FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at all times herein mentioned, all actions taken by the Defendant (and/or any officer(s) who were involved in any manner in relation to the acts or omissions complained of herein) was/were reasonable under the circumstances they faced and were taken under a good faith belief that the

actions were not unlawful and the Defendant and/or its employees are therefore immune under the "good faith immunity" and/or qualified immunity doctrines.

10. AS FOR A TENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Defendant and/or its employees shall only be responsible for damages, if any, in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code § 1431.2).

11. AS FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the alleged acts or omissions of the Defendant (and/or any officer(s) who were involved in any manner in relation to the acts or omissions complained of herein) was/were based upon the officer or officers reasonable cause to believe that they had reasonable suspicion to detain and/or probable cause to stop/arrest the Plaintiff and the Defendant and/or its employee(s) used reasonable efforts to effect the detention and/or stop/arrest, to prevent the escape and/or overcome the resistance of the Plaintiff and the Defendant and/or its employees are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

12. AS FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that only such reasonable force or show of force as was necessary and lawful under the totality of the circumstances was used by the Defendant and/or its employee(s) at the scene and throughout the contact with Plaintiff.

13. AS FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that to the extent Plaintiff alleges or asserts matters not contained in a legally sufficient claim filed by him, this action is barred by the claims requirement set forth in California Government Code § 905 et seq.

14. AS FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the matters complained of by Plaintiff, if committed by the Defendant and/or its employee(s), were consented to by Plaintiff.

15. AS FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at or about the time of the alleged event, the Defendant and/or its employee(s) was/were presented with and had in his/her/its possession sufficient facts to constitute reasonable suspicion for a detention and/or probable cause for the stop/arrest of Plaintiff.

16. AS FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

17. AS FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has no standing to bring this civil action and/or some of the claims alleged in this action.

18. AS FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that there is no statutory or other basis for the attorney's fees sought by Plaintiff.

19. AS FOR A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Defendant and/or its employees were acting in good faith in respect to the acts and/or omissions alleged in the SAC.

20. AS FOR A TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Defendant and/or its employees' actions were objectively reasonable based upon the totality of circumstances facing officers at the time of the incident involving Plaintiff.

21. AS AND FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein pursuant to the absolute privilege of Civil Code § 47(b).

22. AS AND FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that because the Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, the right to assert separate affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for the following relief:

1. That Plaintiff takes nothing by way of his SAC herein;

2. For costs of suit;

3. For attorney's fees;

4. For such further relief as this Court may deem just and proper.

Dated: August 12, 2019         McNAMARA, NEY, BEATTY, SLATTERY,
                               BORGES & AMBACHER LLP


                               By:   /s/ Ripoli, Cameren N.
                               Noah G. Blechman
                               Cameren N. Ripoli
                               Attorneys for Defendant
                               CITY OF OAKLEY and OAKLEY POLICE
                               OFFICER TERRY BLACK