UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MICHAEL PETERSEN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OAKLEY, et al.,<br><br>Defendants. | Case No. 18-cv-02448-LB<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

The plaintiff failed to appear for his ENE session on November 4, 2019. The court now issues an order to the plaintiff to appear in person on December 5, 2019 at 9:30 a.m. to show cause why the court should not dismiss his case for his failure to prosecute it. The parties must file a written update by December 3, 2019 about the plaintiff's counsel's efforts to locate the plaintiff.

## STATEMENT

In his complaint, Mr. Petersen alleges force that occurred on April 28, 2017.[1] On May 10, 2018, the defendants informed the plaintiff that Oakley Police Department did not have any record

---

[1] *Id.* at 3 (¶ 8).

ORDER – No. 18-cv-02448-LB

of an interaction between its officers and Mr. Petersen on April 28, 2017.[2] The court ordered the plaintiff to produce discovery confirming the incident and Mr. Petersen's injury by October 11, 2018.[3] The plaintiff did not produce any records by the October deadline.[4] On December 14, 2018, the plaintiff produced three pages of records from Contra Costa Regional Medical Center showing that he visited the emergency room on May 3, 2017, and had surgery on May 11, 2017, for a fracture in his left arm.[5]

On January 9, 2019, the defendants filed a motion to dismiss for failure to prosecute.[6] On February 28, 2019, the date scheduled for the motions hearing, the plaintiff filed a voluntary dismissal.[7] Because the defendants had answered, the dismissal required the court's approval. After discussing the issues with the parties, on March 1, 2019, the court gave the plaintiff until April 1, 2019 to file an amended complaint that named the incident date and the involved officer.[8] The court's order gave notice of the standards for a terminating sanction and warned the plaintiff that his failure to file an amended complaint would result in the dismissal of his case for his failure to prosecute it.[9] The plaintiff filed an amended complaint on March 29, 2019.[10] In it, the plaintiff alleges the same incident date (April 28, 2017) and names Officer Terry Black and Officer Doe 1 as the officers who allegedly broke his arm.[11]

In joint case-management statements filed on April 25, 2019 and June 13, 2019, the defendants said that they had not received medical or ambulance records that might reveal the alleged incident

---

[2] Ripoli Decl. – ECF No. 42-1 at 1 (¶ 2).

[3] Minute Order – ECF No. 27.

[4] Ripoli Decl. – ECF No. 42-1 at 2 (¶ 6).

[5] Ripoli Decl. Ex. A – ECF No. 42-1 at 5–7.

[6] Mot. to Dismiss – ECF No. 42.

[7] Notice of Voluntary Dismissal – ECF No. 49.

[8] Order – ECF No. 53 at 5.

[9] *Id.* at 3–5.

[10] SAC – ECF No. 56. Officer Black has not been served as of the date of this order. *See* Docket. In an April 25, 2019 case management statement, the plaintiff said that he sent a waiver of service to Officer Black on April 19, 2019. Joint Case Management Statement – ECF NO. 59 at 1.

[11] SAC – ECF No. 56 at 3 (¶¶ 8–15).

date.[12] At the case-management conference on June 20, 2019, the parties represented that the plaintiff had not produced records confirming the April 28, 2017 incident date.[13] The defendants asked for, and the court said that it would issue, an order to show cause that required the plaintiff to appear in person on July 18, 2019 at 11:00 a.m. to show cause why his case should not be dismissed for his failure to prosecute it. The parties agreed that the plaintiff's signing the medical-release form would result in the court's discharging the order to show cause.[14] The plaintiff submitted the medical records, and the court vacated the show-cause hearing.[15]

The parties had an ENE session scheduled on November 4, 2019.[16] The parties confirmed the ENE twice, once by email on October 11, 2019, and once by emailed letter on October 16, 2019.[17] On November 4, 2019, plaintiff's counsel told the evaluator and the defendants that he had not been able to reach or locate the plaintiff for over a week.[18] The plaintiff has some mental-health issues.[19] The evaluator thus cancelled the ENE.[20]

The plaintiffs' counsel explained the client's mental-health and substance-abuse issues at a case-management conference on November 14, 2019. The parties and the court discussed the inconvenience to the defendants and the inconvenience to the evaluator in cancelling sessions. The court's panel is composed of volunteers, and last-minute cancellations (indeed, any cancellations) cause substantial disruptions that may make it unreasonable to expect a second attempt at an ENE. An alternative might be a settlement conference. The court asked the parties to be prepared to

---

[12] Joint Case-Management Statement – ECF No. 59 at 2; Joint Case-Management Statement – ECF No. 63 at 2–3.

[13] Joint Case-Management Statement – ECF No. 63 at 1–2.

[14] *Id.* at 2.

[15] Stipulation and Order – ECF No. 68.

[16] Joint Case-Management Statement – ECF No. 76 at 2.

[17] *Id.* at 2.

[18] *Id.*

[19] *Id.* at 1.

[20] *Id.* at 2.

1  discuss the issue at the next hearing. The court set a show-cause hearing for Thursday, December
2  5, 2019, at 9:30 a.m. and directed the plaintiff's personal appearance at the hearing.

## ANALYSIS

In its orders filed on March 1, 2019 and June 24, 2019, the court set forth the standard for a terminating sanction and incorporates those orders into this order by this reference.[21] In sum, "Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claims is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with 'reasonable diligence' if plaintiff is to avoid dismissal." *Anderson v. Air W., Inc.,* 542 F.2d 522, 524 (9th Cir. 1976) (citing *Ballew v. Southern Pacific Co.*, 428 F.2d 787 (9th Cir. 1970)). The court warns the plaintiff that his continued failure to prosecute his case means that the court can impose sanctions, including monetary and terminating sanctions, meaning, his case may be dismissed with prejudice. The court orders the plaintiff to appear in person on December 5, 2019 at 9:30 a.m. If he does not appear, the court may dismiss his case for his failure to prosecute it.

## CONCLUSION

The court orders the plaintiff to appear in person on December 5, 2019, at 9:30 a.m. at 450 Golden Gate Avenue, 15th Floor, Courtroom B, San Francisco, California, and show cause why the court should not dismiss his case for his failure to prosecute it. If he does not appear, the court warns him that he risks monetary sanctions and the dismissal of his case for his failure to prosecute it. The court asks the plaintiff's counsel to serve copies of this order and the court's March and June 2019 orders on the plaintiff in person, by email, and by mail if those methods are available. In the statement that is due on December 3, 2019, the plaintiff's counsel must report his efforts to serve the plaintiff.

**IT IS SO ORDERED.**

Dated: November 14, 2019

LAUREL BEELER
United States Magistrate Judge

---

[21] Order – ECF No. 53 at 3–5; Order – ECF No. 66 at 3.

ORDER – No. 18-cv-02448-LB          4